**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Civil Action No. 18-cv-02160-CMA-MEH

EUGENE MARTINEZ,

Plaintiff,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS, a statutory entity of the State of Colorado,
ANGELA STEVENS, in official and individual capacities,
WAYNE ISAAC, in official and individual capacities,
GLORIA BARKEY, in official and individual capacities,
REED BERNDT, in official and individual capacities,
GENE TOEWS, in official and individual capacities,
RICKY YATES, in official and individual capacities,
CHRISTOPHER ESTEP, in official and individual capacities,
TRAVIS WATERS, in official and individual capacities,
JOY HART, in official and individual capacities,
BRANDON HAGAN, in official and individual capacities,
JAMES JOHNSON, in official and individual capacities,
MICHELLE TAYLOR, in official and individual capacities.
DEAN WILLIAMS, in official capacity, and M
ICHELLE BRODEUR, in official capacity,

    Defendants.

---

**ORDER GRATING MOTION TO CONSOLIDATE**

---

This matter is before the Court on interested parties'—CDOC Defendants[1] in

---

[1] The CDOC Defendants consist of Mrs. Mitzel, Mrs. Ciarlo, Mr. Heckman, Lieutenant Atcherson, Sgt. Prieto, C/O Kenitzer, Captain Turner C/O Brook Vaugh, C/O Manuel Garcia, Captain S. Martinez, Lieutenant B. Hunsaker, Sgt. Lisa Mueller, C/O Josiah, C.S.P Nurse Andreis, C. Estrep, Mr. Dean Williams, Michelle Brodeur, Mrs. Joy Hart, Mr. Jared Polis, the Colorado Department of Corrections, Mrs. J. Huff, Mr. J. Long, Mrs. V. Niera, Mr. J Willey, Mrs. M. Hotz, Mrs. Bowman, Lt. J. Quinnlen, Lt. Wingert, Captain Dorcey, C/O Torres Ford, C/O

Civil Action Number 20-cv-02411-CMA-MEH—Renewed Motion to Consolidate Civil Actions (Doc. # 351), which the Court also construes as a motion to reopen. For the following reasons, the Court grants the Motion.

## I. BACKGROUND

In 2018, Plaintiff Eugene Martinez, an inmate in the custody of the Colorado Department of Corrections ("CDOC"), proceeding *pro se*, initiated this action (*Martinez I*). (Doc. # 1.) In his operative Third Amended Complaint (Doc. # 194), filed when Mr. Martinez had pro bono counsel, Mr. Martinez alleges that "CDOC staff have regularly and systematically denied [him] the mental health services that he desperately needs and denied him reasonable accommodations for his mental health disability" (*id.* at ¶ 4) in violation of CDOC regulations, federal laws, and constitutional protections. *See generally* (Doc. # 194.) Accordingly, Mr. Martinez brought 9 claims: (1) multiple claims of deliberate indifference and failure to protect in violation of the Eighth Amendment, (2) deprivation of a liberty interest in violation of the Fourteenth Amendment, (3) violation of the Americans with Disabilities Act, (4) violation of the Rehabilitation Act of 1973, (5) excessive force in violation of the Eighth Amendment, (6) retaliation in violation of the First Amendment, and (7) failure to process outgoing mail in violation of the First and

---

Anthony Moreno, C/O Rittenhouse, B. Romero, Mr. J. Johnson, Sgt. White, B. Hogan, the whole of C-S-P Classification Committee, Sgt. April Saucedo, Sgt. Vasquez, Johanna Kennedy, C-S-P Warden Little, C-S-P Warden of Associate Warden Mr. Lisac, C-S-P- Dr. Soto, and C-S-P Mrs. Dalton. To date, Mr. Heckman, Mr. Polis, the Colorado Department of Corrections, Mrs. J. Huff, Mr. J. Long, Mrs. V. Niera, Mr. J Willey, Mrs. M. Hotz, Mrs. Bowman, Lt. J. Quinnlen, Lt. Wingert, Captain Dorcey, C/O Torres Ford, C/O Anthony Moreno, C/O Rittenhouse, B. Romero, Mr. J. Johnson, Sgt. White, B. Hogan, the whole of C-S-P Classification Committee, Sgt. April Saucedo, Sgt. Vasquez, Johanna Kennedy, C-S-P Warden Little, C-S-P Warden of Associate Warden Mr. Lisac, C-S-P- Dr. Soto, and C-S-P Mrs. Dalton have not been served with process.

Fourteenth Amendments. (*Id.* at ¶¶ 111–80.) Although the majority of these claims are based on events that occurred in or about January 2017 to October 2018 (*id*. at ¶¶ 32–68, 87–110), several of them also allege ongoing or continual violations (*id.* at ¶¶ 69–86).

On August 12, 2020, Mr. Martinez initiated Civil Action Number 20-cv-02411-CMA-MEH (*Martinez II*). (20-cv-02411-CMA-MEH, Doc. # 1.) His operative Amended Complaint (20-cv-02411-CMA-MEH, Doc. # 79) raises allegations against some of the same Defendants named in *Martinez I*, *compare* (*id.* at ¶¶ 15–18, 20, 36), *with* (Doc. # 194 at ¶¶ 13–16), as well as additional Defendants he encountered at his current correctional facility. The *Martinez II* action is based on events alleged to have occurred in or about November 2018 through October 2019. *See, e.g.*, (*id.* at ¶¶ 101–06, 113, 127, 134–41, 160, 195, 201–10, 267–97.) Like his Complaint filed in *Martinez I*, the *Martinez II* Complaint brings claims of (1) deliberate indifference and failure to protect in violation of the Eighth Amendment, (2) deprivation of a liberty interest in violation of the Fourteenth Amendment, (3) violation of the Americans with Disabilities Act, (4) violation of the Rehabilitation Act of 1973, (5) excessive force in violation of the Eighth Amendment, and (6) retaliation in violation of the First Amendment (*id.* at ¶¶ 42–47, 49–50), while also adding additional due process claims (*id.* at ¶¶ 48, 51). Further, several paragraphs in his operative Amended Complaint in *Martinez II*, are substantively identical to paragraphs in the operative Third Amended Complaint in *Martinez I*. *Compare, e.g.*, (Doc. # 194 at ¶¶ 6, 17, 20–31, 77–79), *with* (20-cv-02411-CMA-MEH,

Doc. # 79 ¶¶ 59, 71–73, 83–84, 89–96, 98–96b[2].)

On November 20, 2020, CDOC Defendants named in *Martinez II* filed their initial Motion to Consolidate the two cases. (20-cv-2411-CMA-MEH, Doc. # 36.) Magistrate Judge Michael E. Hegarty denied the Motion without prejudice for failure of movants to comply with D.C.COLO.LCivR 42.1 which requires such motions to be filed in the lowest numbered case. (20-cv-2411-CMA-MEH, Doc. # 42.) CDOC Defendants then filed the motion in *Martinez I* on December 3, 2020. (Doc. # 208.) Mr. Martinez, who was represented by counsel in *Martinez I* at the time, filed a Brief in Opposition to consolidation which argued that (1) individual issues in the two cases predominated over common questions of law and fact; (2) procedural differences between the two cases—at the time, *Martinez I* was in the midst of discovery while *Martinez II* was still in its initial pleading stage—would prevent consolidation from resulting in efficiency; and (3) consolidation was not an appropriate tool for expanding pro bono counsel's responsibility. (*Id.* at 6–17.)

Since December 2020, both *Martinez I* and *Martinez II* have undergone various stays or periods of administrative closure. *See, e.g.*, (Docs. ## 302, 319, 350); (20-cv-2411-CMA-MEH, Docs. ## 58, 81, 88, 95, 99.) Noting that *Martinez II* was stayed at the time, Judge Hegarty denied CDOC Defendant's previous Motion to Consolidate without prejudice. (Doc. # 214.)

Following Judge Hegarty's Order (Doc. # 247) granting pro bono counsel's

---

[2] Mr. Martinez has two sets of paragraphs numbered 90–98. *See* (20-cv-02411, Doc. # 79 at 14–16.) The Court refers to the second set of these paragraphs with the letter b.

Motion to Withdraw (Doc. # 245), Mr. Martinez is no longer represented by counsel and proceeds *pro se* in both *Martinez I* and *Martinez II*.[3]

Recently, Judge Hegarty recommended that Mr. Martinez's Motion to Reopen, filed in *Martinez II*, be granted. (20-cv-2411-CMA-MEH, Doc. # 107.) The Court adopted and affirmed that Recommendation as an Order of this Court and *Martinez II* was thereby reopened on December 6, 2023. (20-cv-2411-CMA-MEH, Doc. # 108.) CDOC Defendants filed the instant Renewed Motion to Consolidate on November 29, 2023. (Doc. # 351.) Because *Martinez I* remains administratively closed (Doc # 350), the Court construes the instant Motion as also requesting reopening. Mr. Martinez filed his Opposition (Doc. # 358) on January 8, 2024, and the matter is now ripe for review.

## II.     LEGAL STANDARDS

The determination of whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, in pertinent part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Rule 42(a) allows the Court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while

---

[3] Because Plaintiff proceeds *pro se*, the Court liberally construes her Motions and holds them to a less stringent standard than motions drafted by a licensed attorney. *E.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as a *pro se* plaintiff's advocate. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 Charles Alan Wright, et al., *Fed. Prac. & Proc.* § 2381 at 427 (2d ed. 1995)). The decision whether to consolidate cases is committed to this Court's sound discretion. *Adams v. Veolia Transp.*, No. 11-cv-02491-PAB-KMT, 2012 WL 171470, at *1 (D. Colo. Jan. 20, 2012) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).

Reopening is required for consolidation. Pursuant to D.C.COLO.LCivR 41.2, "A district judge . . . may order the clerk to close a civil action administratively subject to reopening for good cause." *Id.*; *see also Aragon v. U-Haul Co. of Colo.*, 550 F. Supp. 3d 933, 935– 36 (D. Colo. 2021) ("Demonstrating good cause to reopen an administratively closed matter is not onerous; rather, good cause to reopen a case exists where the parties wish to litigate the remaining issues that have become ripe for review." (citation and internal quotation marks omitted)).

### III. DISCUSSION

CDOC Defendants assert that consolidation of these matters is appropriate because the two cases share many common questions of law and fact and will rely on testimony of many overlapping witnesses. (Doc. # 351 at 7–11.) According to CDOC Defendants, *Martinez II* is "merely a continuation" of *Marinez I* (*id.* at 11), and

> [t]he crux of Plaintiff's allegations in both cases is that he is being denied sufficient mental health care, . . . and that failure to move him [to a facility with a Residential Treatment Program] results in him self-harming, acting out sexually and otherwise, and being confined to his cell due to fear of reprisals from other inmates due to his sex-offender status.

(*Id.* at 9–10.) CDOC Defendants further argue that judicial economy will be served by

consolidating the two actions because "it will eliminate the need for the Court to consider and rule on substantially similar issues that predominate the two actions," and will avoid duplicative discovery, trials, and the danger of inconsistent verdicts. (*Id.* at 11.) Finally, CDOC Defendants argue that neither party will be prejudiced by consolidation as much of the discovery which has occurred in *Martinez I* will apply to *Martinez II* and neither action has been litigated in the last 16 months. (*Id.* at 11–12.)

Mr. Martinez opposes consolidation. (Doc. # 358.) He argues that consolidation is inappropriate now for the same reasons former counsel argued it was inappropriate in 2020. (*Id.* at 4, 8–21.) Mr. Martinez highlights that *Martinez II* has not yet proceeded to the motion to dismiss stage, while *Martinez I* has progressed much further. (*Id.* at 3.) Mr. Martinez also asserts that he, opposing counsel, and Judge Hegarty previously agreed to litigate one case at a time due to various challenges he faces as a *pro se* litigant including limited access to legal resources and the inherent complications of federal litigation. (*Id.* at 3–7, 21–22.) Finally, Mr. Martinez avers that CDOC Defendants' true motivation for consolidation is not judicial efficiency or any other helpful reason, but rather to stall the cases and frustrate Mr. Martinez. (*Id.* at 22.)

The Court is sympathetic to the challenges Mr. Martinez faces as a *pro se* prisoner litigant. However, although the Court acknowledges there are differences between *Martinez I* and *Martinez II*, the Court concludes that common questions of law and fact—including common parties, underlying factual backgrounds, claims, and legal questions—predominate in these two matters such that consolidation is appropriate and efficacious. *See* Fed. R. Civ. P. 42(a). Additionally, in light of the lack of proceedings

during the past year and a half in both cases, as well as Mr. Martinez's request that *Martinez II* be reopened (20-cv-02411-CMA-MEH, Doc. # 105), the Court finds that Mr. Martinez has not established he will be prejudiced by consolidation and that the different procedural postures of the two actions is not an insurmountable hurdle. The Court is confident that Judge Hegarty will work with Mr. Martinez and all Defendants in these actions to establish procedural timeframes to bring the claims in *Martinez II* to a parallel procedural posture as those in *Martinez I*, and to allow the consolidated matter to proceed in a judicious manner. As such, consolidation of these two cases will avoid future unnecessary costs and delays and will advance judicial economy and fairness.

Finally, the Court concludes that the reopening of *Martinez II* and the consolidation of these matters is sufficient good cause for the reopening of *Martinez I*. D.C.COLO.LCivR 41.2; *Aragon*, 550 F. Supp. 3d at 935–36.

### IV.   CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- CDOC Defendants' Renewed Motion to Consolidate Civil Actions (Doc. # 351) (Doc. # 358) is GRANTED;
- Case No. 18-cv-02160-CMA-MEH is reopened;
- Case No. 20-cv-02411-CMA-MEH is consolidated into the instant case for all purposes pursuant to Federal Rule of Civil Procedure 42(a) and D.C.COLO.LCIvR 42.1; and

8

- All future documents in these consolidated actions shall be filed in the lowest numbered case only and shall be captioned as follows:

Civil Action No. 18-cv-02160-CMA-MEH
(Consolidated with Civil Action No. 20-cv-02411-CMA-MEH)

DATED: January 18, 2024

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge